**Konstantin AYRAPETIAN; Sousan Malkhasian, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70842.

I & NS Nos. A70–947–328 A70–947–329.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Jan. 8, 2002.

Pregerson, Circuit Judge, concurred in result.

Before PREGERSON, TASHIMA, and BERZON, Circuit Judges.

## MEMORANDUM *

Petitioners Konstantin Ayrapetian and Sousan Malkhasian, husband and wife, and citizens of Armenia, seek review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen deportation proceedings to apply for adjustment of status based on their daughter's United States citizenship. The BIA denied their motion on the basis of its untimeliness and declined to exercise its *sua sponte* power to reopen. This timely petition for review followed.[1] We deny the petition.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Because deportation proceedings were commenced against petitioners prior to April 1, 1997, and the final order of deportation was entered after October 30, 1996, we have jurisdiction pursuant to 8 U.S.C. § 1105a, as amended by § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *See Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir.2000).

A motion to reopen deportation proceedings "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened ...." 8 C.F.R. § 3.2(c)(2). Petitioners do not dispute that their motion to reopen was untimely.[2] Instead, they contend that the BIA abused its discretion by failing properly to consider factors weighing in their favor and by declining to exercise its *sua sponte* power to reopen their case, despite their showing of an "exceptional situation." The BIA has recognized that § 3.2(a) "allows the Board to reopen proceedings *sua sponte* in exceptional situations," *In re J–J*, 21 I. & N. Dec. 976, Interim Decision (BIA) 3323, 1997 WL 434418 (BIA, July 31, 1997), where the applicant has "demonstrate[d] that such a situation exists," *In re Beckford*, Interim Decision (BIA) 3425, 2000 WL 41584 (BIA, Jan. 19, 2000). We have not yet decided whether the BIA's decision not to use its discretionary *sua sponte* power to reopen a case is subject to judicial review. *Compare* 5 U.S.C. § 701 (judicial review unavailable under APA "to the extent that—agency action is committed to agency discretion by law").

We need not, however, reach that issue here. Whether or not judicial review would be available in some circumstances, petitioners have not even alleged any "exceptional situation" explaining their failure to file a timely motion to reopen or their lengthy delay thereafter in failing to file their present motion. *See In re J–J*, 21 I. & N. Dec. 976. Instead, they point to reasons why they should prevail on their adjustment of status application, and why they will suffer hardship if they do not.[3]

For example, petitioners point to the fact that their daughter did not have her American citizenship at the time of their first deportation hearing and that she did not file petitions for alien relatives on their behalf until June 1999. But the daughter became an American citizen several months before the 90–day clock for filing their motion to reopen had even begun to run, and petitioners do not provide any reason why the petitions could not have been filed before the deadline passed. In addition, petitioners provide no reason why their hardship evidence could not have been presented in a timely petition to reopen.

The power of the BIA to reopen cases sua sponte is limited; it "is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship." *In re J–J*, 21 I. & N. Dec. 976; *see also In re L–V–K–*, Interim Decision (BIA) 3409, 1999 WL 607159 (BIA, Aug. 10, 1999); *In re X–G–W–*, Interim Decision (BIA) 3352, 1998 WL 378104 (BIA, June 25, 1998) (stating that the BIA retains limited discretionary power to reopen cases *sua sponte* in "unique situations where it would serve the interest of justice" and recognizing a significant change in the asylum law to be such a situation).

Petitioners have not alleged any "exceptional situation" that meets these standards; instead, they seek relief from the usual filing deadlines because "enforcing them might result in a hardship." Any review authority we might have would be limited to applying the agency's own "meaningful standard" as a benchmark

---

2. The final administrative decision was rendered on June 5, 1997, and petitioners did not file their motion to reopen until June 28, 1999. Petitioners also concede that none of the exceptions to the 90–day rule applies to their case. *See* 8 C.F.R. § 3.2(c)(3).

3. For similar reasons, Petitioners have also failed to present a factual basis for equitable tolling or equitable estoppel arguments.

"against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830, 105 S.Ct. 1649, 84 L.Ed.2d. 714 (1971). Thus, even assuming that we have the authority to review the agency's exercise of its *sua sponte* reopening power, we cannot engage in a meaningful review where, as here, the petitioners' allegations are insufficient to permit such review.

Accordingly, the petition for review is

DENIED.

Judge PREGERSON concurs in the result.